IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MANNA MASSAQUOI,                            |
                                            |
            Plaintiff,                      |
                                            |                   CIVIL ACTION
                                            |                   NO. 14-4466
        v.                                  |
                                            |
CAPTAIN HASKINS, SERGEANT                   |
P. POTE, SERGEANT MOLINA,                   |
WILLIAM E. LAWTON,                          |
PHILA. PRISON SYSTEM HEALTH                 |
SERVICE, and PHILA. PRISON SYSTEM,          |
                                            |
            Defendants.                     |
                                            |

## MEMORANDUM OPINION

Schmehl, J.   /s/ JLS                                          August 10, 2016

Before the Court is the Motion to Dismiss of Defendants, Sergeant Pote, Sergeant

Molina, Officer Wadell, Officer Black, Warden Lawton and the Philadelphia Prison System

Health Service (Docket No. 30). Plaintiff, Manna Massaquoi, in custody at the time he filed this

action and presently in custody at SCI Smithfield, brought this § 1983 action regarding the

search of his cell, an alleged strip-search, the alleged deprivation of his personal property. (Am.

Compl. ¶¶ 12-28.)

Plaintiff filed a Complaint in this matter, then, upon filing of a motion, was permitted to

file an Amended Complaint against Captain Haskins, Sergeant P. Pote, Sergeant Molina,

William E. Lawton, Phila. Prison System Health Service, and Phila. Prison System. Defendant

Haskins answered the Amended Complaint, then the remaining defendants filed a Motion to

Dismiss. Plaintiff filed an opposition to the motion to dismiss, then this matter was reassigned from the Honorable L. Felipe Restrepo to the calendar of the undersigned.

## I.    **BACKGROUND**

Plaintiff filed a complaint setting forth claims against Sergeants Molina and Pote alleging that these officers conducted a "stripped/cell search[]" and "deliberately threw away the Plaintiff's property out of the cell during their contraband cell searched and falsely accused him of misconduct." (Am. Compl. ¶¶ 12-13, 23.) Plaintiff further alleges that Officer Wadell "took the Plaintiff to the receiver's room choke-chain without his property or inventory where the Plaintiff awaited transfer." (Am. Compl. ¶ 16.). Plaintiff claims that Officer Black, "along with three (3) co-workers assaultingly transferred the Plaintiff to CFCF [Curran-Fromhold Correctional Facility] without his property," and Plaintiff alleges that Warden Lawton approved of the strip-search and cell search and transfer to CFCF. (Am. Compl. ¶¶ 17-18, 25.) Lastly, Plaintiff alleges that Philadelphia Prison System Health Service ("PHS") denied him adequate medical care based on unprofessional and illegitimate treatment decisions.[1]

## II.    **STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may

---

[1] Plaintiff's Amended Complaint also included allegations against the Philadelphia Prison System. However, the Philadelphia Prison System was dismissed from the action by Judge Restrepo on September 30, 2015. Accordingly, Philadelphia Prison System is no longer a defendant in this action.

be entitled to relief. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (citing <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008).

## III.   DISCUSSION

Section 1983 provides remedies for deprivations of rights established in the Constitution or by federal law. To state a claim under § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. <u>Kaucher v. County of Bucks</u>, 455 F.3d 418, 423 (3d Cir. 2006).

### A.  Claims Against Sergeants Molina and Pote

Plaintiff's claims against Defendants Molina and Pote state that they conducted a "stripped/cell search[] and "deliberately threw away the Plaintiff's property out of the cell during their contraband cell searched and falsely accused him of misconduct." (Am.Compl. ¶¶ 12-13, 23.) First, Plaintiff's claims regarding the search of his cell fail as a matter of law and are dismissed with prejudice, as "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." <u>Crosby v. Piazza</u>, 465 Fed. App'x 168, 172 (3d Cir. 2012); *see also* <u>Paladino v. Newsome</u>, 2012 WL 3315571, at *13 (D.N.J. Aug. 13, 2012) (dismissing a claim with prejudice because "the allegation that Plaintiff's cell was improperly searched, and that certain property was illegally removed, fails to state a claim for violation of the Fourth Amendment").

Next, Plaintiff's claim that he was improperly strip-searched also fails as a matter of law and is dismissed with prejudice. The Third Circuit has followed Supreme Court precedent which holds that "it is constitutional to conduct a full strip search of an individual detained in the general population of a jail, regardless of the reason for detention or the existence of reasonable suspicion that the individual is concealing something." <u>Small v. Wetzel</u>, 528 Fed. App'x 202,

207 (3d Cir. 2013) (*citing* <u>Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington</u>, 132

S.Ct. 1510, 1517 (2012)). Accordingly, Plaintiff's allegation of civil rights violations due to a

strip search do not present a plausible claim for relief and will be dismissed with prejudice.

Further, Plaintiff alleges that Defendants "falsely accused him of misconduct." To the

extent Plaintiff is pursuing a due process claim for this alleged false misconduct accusation,

allegations of false misconduct reports, without more, do not state a due process claim. <u>Thomas</u>

<u>v. McCoy</u>, 467 Fed. Appx. 94, 96 n.3 (3d Cir. 2012), *citing* <u>Smith v. Mensinger</u>, 293 F.3d 641,

653 (3d Cir. 2002). <u>See</u> <u>also</u> <u>Brown v. Hannah</u>, 850 F.Supp.2d 471, 475 (M.D. Pa. 2012) ("The

filing of a false misconduct report does not violate an inmate's due process rights. The general

rule, as stated in <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2d Cir. 1986), provides that a "prison

inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of

conduct which may result in the deprivation of a protected liberty interest.")

Lastly, Plaintiff's allegation that Defendants "deliberately threw away the Plaintiff's

property out of the cell" also fails to state a claim and is dismissed with prejudice. In cases

similar to the instant matter, courts have held that where prisoners are deprived of personal

property, whether intentionally or inadvertently, meaningful post-deprivation remedies provide

sufficient due process so as not to violate the Due Process Clause of the Fourteenth Amendment.

<u>Hudson v. Palmer</u>, 468 U.S. 517, 532 (1984). The courts of this Circuit have consistently held

that the Department of Correction's grievance procedure provides inmates with adequate post-

deprivation remedies. <u>Barr v. Knauer</u>, 321 Fed. Appx. 101, 103 (3d Cir. 2009) *citing* <u>Tillman v.</u>

<u>Lebanon County Correctional Facility</u>, 221 F.3d 410, 422 (3d Cir. 2000); <u>McEachin v. Beard</u>,

319 F.Supp. 448, 454 (E.D. Pa. 2004). Since an adequate post-deprivation remedy exists, any

due process claim relating to the alleged disposal of Plaintiff's personal property is foreclosed.

Austin v. Lehman, 893 F.Supp. 448, 454 (E.D. Pa. 1995). As Plaintiff had the opportunity to participate in a "meaningful post-deprivation remedy" regarding the alleged deprivation of his personal property, he has no actionable claim based upon the loss of his personal property and such claim is dismissed from this matter with prejudice

### B.  Claim Against the Philadelphia Prison System Health Service

Plaintiff fails to state a claim for municipal liability against the Philadelphia Prison System Health Service ("PHS") because his amended complaint lacks any allegations regarding a policy or custom. "An entity such as the PHS may be liable under § 1983 only if it adopted a policy or custom that deprived [Plaintiff] of his constitutional rights." Burgos v. Phila. Prison System, 760 F.Supp.2d 502, 509 (E.D. Pa. 2011). A policy is a "…statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978). A custom is "[practice]…so permanent and well settled" that it is implemented, "with the force of law." Id. at 691.

Here, Plaintiff makes no allegations concerning a specific policy or custom implemented by PHS, and instead limits his amended complaint to allegations regarding his own personal situation. (Am. Compl. ¶¶ 12-28.) A complaint containing no allegations concerning a municipal policy or custom cannot survive a motion to dismiss. Therefore, PHS is dismissed from this case. However, as Plaintiff is *pro se*, I will give him one final opportunity to amend his complaint and properly plead allegations of policy or custom against PHS. Plaintiff is warned that PHS will be dismissed from this action with prejudice if he fails to do so.

### C.  Claim Against Correctional Officers Wadell and Black

 "Conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210; rather, the complaint must provide "enough facts to raise a reasonable

expectation that discovery will reveal evidence of the necessary element." Phillips v. County of Allegheny, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556) (internal quotations omitted). In the instant matter, Plaintiff's claim against Officer Wadell is that Wadell "took the Plaintiff to the receiver's room choke-chain without his property or inventory where the Plaintiff awaited transfer." (Am. Compl. ¶ 16.) As to Officer Black, Plaintiff merely states that Black, "along with three (3) co-workers, assaultingly transferred the Plaintiff to 'CFCF' without his property or inventory." (Am. Compl. ¶ 17.) Later, as to both Officer Wadell and Black, Plaintiff states these defendants committed "willful acts and omissions that included Plaintiff's choke-chain transfer to the receiver's room and transfer to CFCF without his property or inventory." (Am. Compl. ¶ 24.)

All allegations contained in Plaintiff's Amended Complaint and addressed to Officers Wadell and Black consist of unclear and conclusory allegations that lack factual support. Plaintiff makes no explanation as to a "room choke-chain" or how he was "assaultingly transferred . . . without his property or inventory." Accordingly, Plaintiff fails to state a claim as to Officers Wadell and Black, and Defendants' motion is granted. Again, Plaintiff will be given one final opportunity to amend his complaint and properly plead specific, non-conclusory §1983 allegations against Officers Wadell and Black, if possible. Plaintiff is warned that both Officers Wadell and Black will be dismissed from this action with prejudice if he fails to do so.

**D.  Claim Against Warden Lawton**

If a plaintiff brings a suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff must allege a defendant's

personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve. <u>Baraka v. McGreevey</u>, 481 F.3d 187, 210 (3d Cir. 2007).

In the instant matter, Plaintiff fails to allege that Defendant Warden Lawton had any personal involvement in any of the actions which he claims give rise to his claims. Plaintiff merely states that Warden Lawton "approved" of his transfer to CFCF and his strip-search and cell search. (Am.Compl. ¶¶ 18, 25.) These references are clearly insufficient to describe any of Warden Lawton's personal conduct and involvement in this matter. Further, liability under § 1983 cannot be premised on the theory of respondeat superior; rather, "each individual must have personal involvement in the alleged wrongdoing." <u>Phelps v. Flowers</u>, 514 F.App'x 100, 102 (3d Cir. 2013). Plaintiff names Warden Lawton as a defendant, but fails to include any allegations that Lawton was personally involved in the alleged deprivation of his constitutional rights. Accordingly, Defendant's motion is granted as to Warden Lawton and he is dismissed from this case without prejudice. Plaintiff may attempt to amend his complaint and properly plead §1983 allegations against Warden Lawton, but is warned that Warden Lawton will be dismissed from this action with prejudice if he cannot do so.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Dismiss is granted with leave to amend as to Plaintiff's claims against Philadelphia Prison System Health Service, Correctional Officers Wadell and Black and Warden Lawton. Defendant's Motion to Dismiss regarding the allegations of an improper strip search, cell search, disposal of property and false misconduct report by Defendants Pote and Molina are dismissed with prejudice and shall not be included in an amended complaint, if Plaintiff chooses to file one.