IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MANNA MASSAQUOI,

    Plaintiff,

v.

CAPTAIN HASKINS, WARDEN WILLIAM E.
LAWTON, CORRECTIONAL OFFICER BLACK,
CORRECTIONAL OFFICER WADELL, and
PHILA. PRISON SYSTEM HEALTH
SERVICE,

    Defendants.

CIVIL ACTION
NO. 14-4466

**MEMORANDUM OPINION**

**Schmehl, J.**   /s/ JLS                                                    August 29, 2017

Before the Court is the Motion to Dismiss of Defendants, Officer Black, Warden Lawton and the Philadelphia Prison System Health Service (Docket No. 47). Plaintiff, Manna Massaquoi, in custody at the time he filed this action and presently in custody at SCI Smithfield, brought this § 1983 action alleging claims under the First, Fifth, Eighth and Fourteenth Amendments.[1]

**I.    BACKGROUND**

The claims in Plaintiff's Second Amended Complaint as to Defendants Black, Lawton and the Philadelphia Prison Health Service ("Moving Defendants") arise from an incident that occurred on February 11, 2013, while Plaintiff was incarcerated in the Philadelphia Prison System. Plaintiff alleges that on that day, Captain Haskins "took the Plaintiff to another unit triage choked, unable to breathe for approximately five (5) minutes." (Second Am. Compl. at ¶

---

[1] Plaintiff's Second Amended Complaint additionally asserts claims against Defendants Captain Haskins and Correctional Officer Wadell. An Answer was filed on behalf of Haskins and Wadell on December 28, 2016.

1

11.) Plaintiff further alleges that Officer Wadell upon instruction from Captain Haskins, "choked the Plaintiff by his segregation jumpsuit and making him unable to breathe again for approximately five (5) minutes." (Second Am. Compl. ¶ 12.). Plaintiff claims that Officer Black, on that same date, stood on his back for no reason (Second Am. Compl. ¶ 13.) Lastly, Plaintiff alleges that Defendant Lawton, the warden, was "in contact with []Haskins by phone throughout the entire search and transfer, and they were communicating events by giving and receiving instructions." (Second Am. Compl. ¶ 15.)

As to the Prison Health System ("PHS"), Plaintiff alleges that it "neglected their duty to conceal information(s) that would be essential to litigation against them." (Second Am. Compl. ¶ 14.) Plaintiff also alleges that when he was being treated, an unknown nurse laughed at him and told him he must be crazy, and that PHS "maintained a procedure and practice to clear all inmates that are getting transfer within or out of [the prison system] medically before and after transfer, and the Plaintiff was denied that." (Second Am. Compl. ¶ 14, 22.)

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

**III.	DISCUSSION**

Section 1983 provides remedies for deprivations of rights established in the Constitution or by federal law. To state a claim under § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).

**A.  Claim Against the Philadelphia Prison System Health Service**

Plaintiff again fails to state a claim for municipal liability against the Philadelphia Prison System Health Service because his Second Amended Complaint continues to lack any allegations regarding a policy or custom and therefore, fails to correct the pleading deficiencies from his prior complaint. "An entity such as the PHS may be liable under § 1983 only if it adopted a policy or custom that deprived [Plaintiff] of his constitutional rights." Burgos v. Phila. Prison System, 760 F.Supp.2d 502, 509 (E.D. Pa. 2011). A policy is a "…statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978). A custom is "[practice]…so permanent and well settled" that it is implemented, "with the force of law." Id. at 691.

Here, Plaintiff once again makes no allegations concerning a specific policy or custom implemented by PHS, and instead limits his amended complaint to allegations regarding his own personal situation. (Second Am. Compl. ¶¶ 14, 22.) Therefore, the reasoning set forth in my prior opinion in this matter once again compels the dismissal of Plaintiff's claims against PHS with prejudice. Plaintiff has repeatedly failed to plead sufficient allegations to allow PHS to remain in this case, and it will therefore be dismissed with prejudice.

3

**B. Claim Against Correctional Officer Black**

As to Officer Black, Plaintiff's Second Amended Complaint alleges that he came to PICC to transfer Plaintiff to CFCF, and while Plaintiff was handcuffed, Black "stood on the Plaintiff's back and told his co-workers to change the handcuff on Plaintiff." (Second Am Compl at ¶ 13.) Plaintiff alleges that Black stated "[t]his is the tough one with the lawsuit who just got convicted." (Second Am Compl at ¶ 13.)

Plaintiff appears to be alleging an excessive force claim under the Eighth Amendment. In order to establish this type of claim, a prisoner must meet two requirements: 1) the alleged deprivation of his rights must be, objectively, "sufficiently serious," and 2) the prison official who caused such deprivation must have acted with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). In evaluating this claim, I need to assess "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." See id. Defendants argue that Plaintiff's assertions about Officer Black fail to meet this standard, as Black's conduct in standing on Plaintiff's back, even if true, does not demonstrate deliberate indifference to Plaintiff's safety or suggest a malicious attempt to cause Plaintiff pain. At this stage of the proceedings, I cannot determine Officer Black's intentions when standing on Plaintiff's back; therefore, I will allow this claim to remain. Accordingly, Defendants' Motion is denied as to Officer Black.

**C. Claim Against Warden Lawton**

If a plaintiff brings a suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff must allege a defendant's

personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve. Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007).

In the instant matter, Plaintiff yet again fails to allege that Warden Lawton had any personal involvement in any of the actions which he claims give rise to this matter. Plaintiff merely states that Warden Lawton was in phone contact with Defendant Haskins throughout the duration of Plaintiff's "search and transfer" and that they were "communicating events by giving and receiving instructions." (Second Am Compl at ¶ 15.) These references are clearly insufficient to describe any of Warden Lawton's personal conduct and involvement in this matter. Plaintiff does not allege that Lawton specifically ordered any assault on him or even that Lawton was aware of any assault. Because Plaintiff names Warden Lawton as a defendant, but fails to include any allegations as to the actual role played by Lawton in causing Plaintiff's alleged harm, Defendant's motion is granted as to Warden Lawton and he is dismissed from this case with prejudice.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted with prejudice as to Defendants Philadelphia Prison System Health Service and Warden Lawton, but denied as to Defendant Officer Black. Defendants Philadelphia Prison System Health Service and Warden Lawton are therefore dismissed from this action. This matter shall be permitted to proceed as to Defendants Captain Haskins, Correctional Officer Wadell and Correctional Officer Black only.